MATTHEW T. HALE
Nevada Bar No. 16880
MICHAEL A. BURNETTE
Nevada Bar No. 16210
**GREENBERG GROSS LLP**
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
*MHale@GGTrialLaw.com*
*MBurnette@GGTrialLaw.com*

Attorneys for Plaintiff
Cecilia Gonzales

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CECILIA GONZALES, an individual,

Plaintiff,

v.

WAL-MART ASSOCIATES, INC., a Delaware corporation,

Defendant.

Case No.:

**COMPLAINT FOR DAMAGES**

**(1) TORTIOUS DISCHARGE;**

**(2) DISCRIMINATION (N.R.S. § 613.330);**

**(3) DISCRIMINATION (42 U.S.C. § 12112 *et seq.*);**

**(4) RETALIATION (N.R.S. § 613.340);**

**(5) RETALIATION (42 U.S.C. § 12203 *et seq.*);**

**(6) FAILURE TO PROVIDE REASONABLE ACCOMMODATION (N.R.S. § 613.330); and**

**(7) FAILURE TO PROVIDE REASONABLE ACCOMMODATION (42 U.S.C. § 12112(b)(5)(A)).**

**DEMAND FOR JURY TRIAL**

Plaintiff Cecilia Gonzales ("Plaintiff" or "Ms. Gonzales") alleges as follows:

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiff's claims for damages arise, in part, under 42 U.S.C. § 12112 et seq. and 42 U.S.C. § 12203 et seq.

2. The Court has supplemental jurisdiction over the remaining state statutory claims pursuant to 28 U.S.C. § 1367, given that all the claims are so related that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to each of Plaintiff's claims occurred in Clark County, Nevada.

## NATURE OF THE ACTION

4. Ms. Gonzales began working for Walmart in August 2007 and most recently served as a Merchandise Reconciliation Associate. During her employment, she suffered a lumbar back injury that limited her ability to lift. She twice requested a simple lifting accommodation, and Walmart refused both times. Forced onto medical leave, she was later told to find another position on her own. Walmart then ignored her repeated attempts to contact Human Resources and terminated her employment. In reality, Walmart wrongfully terminated Ms. Gonzales in discrimination based on her disability and in retaliation for her protected activity.

## PARTIES

5. Plaintiff is and was at all relevant times herein, a resident of Clark County, Nevada.

6. Defendant Wal-Mart Associates, Inc. ("Walmart") is a Delaware corporation that conducts business in Clark County, Nevada.

## FACTUAL ALLEGATIONS

7. On or about August 18, 2007, Ms. Gonzales began working for Walmart at its store in Henderson, Nevada. Ms. Gonzales most recently worked as a Merchandise Reconciliation Associate responsible for receiving.

8. During her employment, Ms. Gonzales suffered a serious lower back injury while

lifting a heavy receiving dock door in the course of her job duties, and she reported her injury to management.

9. On or about March 27, 2025, Ms. Gonzales's medical provider restricted her from lifting more than 20 pounds and requested that staff assist her with opening the bay door. Ms. Gonzales provided these restrictions to Walmart and requested accommodation. Walmart refused, telling her "it didn't happen here."

10. On or about April 29, 2025, Ms. Gonzales asked Walmart to file a workers' compensation claim for her injury. In or around June 2025, Walmart's claims administrator received and processed her workers' compensation claim.

11. Thereafter, imaging revealed that Ms. Gonzales had suffered a lumbar vertebral fracture. Ms. Gonzales again provided medical documentation and requested the same accommodation. Walmart again refused, stating that it needed her to perform the job, and failed to engage in any interactive process.

12. On or about June 6, 2025, because Walmart would not accommodate her restrictions, Ms. Gonzales was forced to stop working and take medical leave for her serious health condition, which her provider certified through Walmart's leave administrator.

13. In or around November 2025, Walmart told Ms. Gonzales that the position was not for her if she could not lift the weight and gave her 30 days to find another position at another store on her own. Walmart did not engage in an interactive process to identify a reasonable accommodation.

14. In or around December 2025, after Ms. Gonzales identified a potential opportunity at another store, she repeatedly contacted Walmart's Human Resources by telephone, email, and in person. Walmart ignored her calls and emails and refused to meet with her.

15. Shortly after her medical leave ended, Walmart terminated Ms. Gonzales's employment on a false and pretextual basis.

16. In reality, Walmart wrongfully terminated Ms. Gonzales in discrimination based on her disability and in retaliation for her protected activity, including her requests for reasonable accommodation, her use of medical leave, and her workers' compensation claim.

17. On October 22, 2026, Plaintiff timely dual filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Nevada Equal Rights Commission ("NERC"). On October 23, 2026, the EEOC closed Plaintiff's case without making findings and issued her an immediate right to sue notice. Plaintiff timely filed the instant lawsuit within 90 days of the right to sue notice.

18. *Summary of Plaintiff's Protected Statuses and Activity*: Ms. Gonzales is a qualified individual with a disability within the meaning of the Americans with Disabilities Act and Nevada Revised Statutes, suffering from lumbar discitis, a lumbar vertebral fracture with delayed healing, and lumbar disc herniation with sciatic nerve involvement, conditions that substantially limit one or more major life activities, including lifting, bending, and working. Ms. Gonzales engaged in protected activity by requesting reasonable accommodation for her disability, taking medical leave for her serious health condition, and filing a workers' compensation claim.

19. *Punitive damages*: Plaintiff is entitled to punitive damages. (42 U.S.C. § 1981a(b); Nevada Revised Statute ("N.R.S.") 42.001, 42.007.)

20. *Reckless Indifference and Conscious Disregard:* Defendant Wal-Mart Associates, Inc. knew of the probable economic harm and emotional distress that would ensue as a result of the wrongful conduct perpetrated. Yet Defendant Wal-Mart Associates, Inc. willfully and deliberately caused the wrongful conduct, both through its actions and inactions.

21. *Malice:* The conduct of Defendant Wal-Mart Associates, Inc. was committed with malice, including that (a) Defendant Wal-Mart Associates, Inc. acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by terminating Plaintiff's employment and/or taking other adverse job actions against Plaintiff because of their good faith complaints, and/or (b) the conduct of Defendant Wal-Mart Associates, Inc. was despicable and committed in willful and conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

22. *Oppression:* In addition, and/or alternatively, the conduct of Defendant Wal-Mart Associates, Inc. was committed with oppression, including that the actions of Defendant Wal-Mart

Associates, Inc. against Plaintiff were cruel and subjected her to unjust hardship and with conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

23. *Fraud:* In addition, and/or alternatively, the conduct of Defendant Wal-Mart Associates, Inc., as alleged, was fraudulent, including that Defendant Wal-Mart Associates, Inc. asserted false and pretextual grounds for terminating Plaintiff's employment and/or other adverse job actions, thereby causing Plaintiff hardship and deprive her of legal rights or otherwise injure Plaintiff.

24. Further, Defendant Wal-Mart Associates, Inc. is liable for the wrongful acts of its employees, including its supervisory personnel, because Defendant Wal-Mart Associates, Inc. had advance knowledge that these employees were unfit for the purposes of the employment and yet employed these employees with a conscious disregard for the rights or safety of others. (42 U.S.C. § 2000e(b); N.R.S. 42.007.)

## FIRST CLAIM FOR RELIEF

**Tortious Discharge**

**(Plaintiff Cecilia Gonzales against Defendant Wal-Mart Associates, Inc.)**

25. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

26. Plaintiff was employed by Defendant Wal-Mart Associates, Inc.

27. Plaintiff suffered a workplace injury and informed Defendant Wal-Mart Associates, Inc. of the same, triggering an obligation to file a workers' compensation claim on Plaintiff's behalf.

28. Defendant Wal-Mart Associates, Inc. had actual or constructive knowledge of Plaintiff's actions.

29. The decision of Defendant Wal-Mart Associates, Inc. to discharge plaintiff was proximately caused by Plaintiff's actions and was in derogation of the public policy of the State of Nevada.

30. Due to this action, it has been necessary for Plaintiff to expend court costs to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020.

31. The acts of Defendant Wal-Mart Associates, Inc. alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Wal-Mart Associates, Inc., and to make an example of and deter Defendant Wal-Mart Associates, Inc. from engaging in such conduct in the future.

**SECOND CLAIM FOR RELIEF**

**Workplace Discrimination in Violation of N.R.S. § 613.330**

**(Plaintiff Cecilia Gonzales against Defendant Wal-Mart Associates, Inc.)**

32. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

33. Plaintiff was employed by Defendant Wal-Mart Associates, Inc., an employer as defined by N.R.S. § 613.310. Employers are prohibited from discriminating against any person with respect to the person's compensation, terms, conditions, or privileges of employment on the basis of any protected status as set forth in N.R.S. § 613 et seq. Further, employers must provide a workplace free of discrimination on the basis of these protected statuses.

34. The acts and omissions of Defendant Wal-Mart Associates, Inc., as more fully set forth herein, constituted discrimination within the meaning of N.R.S. § 613.330.

35. Plaintiff is within the class of persons that N.R.S. § 613.330 intends to protect and termination of employment on the basis of discrimination is the type of injury prohibited by N.R.S. § 613.330.

36. Plaintiff charges that Defendant Wal-Mart Associates, Inc. discriminated against the Plaintiff based on her protected status or statuses.

37. As a direct and proximate result of the violations and conduct described herein, Plaintiff was subjected to unlawful discrimination, loss of her employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

38. Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020, as well as attorneys' fees under N.R.S. § 613.432 and 42 U.S.C. § 2000e-5(k).

39. The acts of Defendant Wal-Mart Associates, Inc. alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Wal-Mart Associates, Inc., and to make an example of and deter Defendant Wal-Mart Associates, Inc. from engaging in such conduct in the future.

**THIRD CLAIM FOR RELIEF**

**Workplace Discrimination in Violation of 42 U.S.C. § 12112 et seq.**

**(Plaintiff Cecilia Gonzales against Defendant Wal-Mart Associates, Inc.)**

40. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

41. Plaintiff is a member of the class of persons protected by federal statutes prohibiting discrimination based on disability.

42. Defendant Wal-Mart Associates, Inc., employed Plaintiff, as defined by 42 U.S.C. § 12111(5), and thus was prohibited from discriminating against qualified individuals with disabilities as set forth in 42 U.S.C. § 12112(a).

43. Plaintiff has a disability or disabilities as defined by 42 U.S.C. § 12102(1).

44. Plaintiff was qualified to perform the essential functions of her job, with or without reasonable accommodation.

45. Defendant Wal-Mart Associates, Inc. took adverse employment actions against Plaintiff because of her disability or disabilities, including the decisions to terminate Plaintiff's employment, not to retain, hire, or otherwise employ Plaintiff in any position, and/or to take other adverse employment actions against Plaintiff.

46. The discriminatory acts of Defendant Wal-Mart Associates, Inc. constitute a

violation of the Americans with Disabilities Act (ADA), which makes it unlawful for an employer to discriminate against an employee on the basis of disability.

47. The discriminatory acts of Defendant Wal-Mart Associates, Inc. have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

48. The acts of Defendant Wal-Mart Associates, Inc. alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Wal-Mart Associates, Inc., and to make an example of and deter Defendant Wal-Mart Associates, Inc. from engaging in such conduct in the future.

49. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

## FOURTH CLAIM FOR RELIEF

### Workplace Retaliation in Violation of N.R.S. § 613.340

### (Plaintiff Cecilia Gonzales against Defendant Wal-Mart Associates, Inc.)

50. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

51. Plaintiff was employed by Defendant Wal-Mart Associates, Inc.

52. Plaintiff engaged in protected activity.

53. Defendant Wal-Mart Associates, Inc. was aware of Plaintiff's protected activity.

54. After engaging in protected activity, Plaintiff suffered an adverse employment action.

55. There is a causal connection between Plaintiff's protected activity and the adverse employment action.

56. The conduct of Defendant Wal-Mart Associates, Inc. alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

57. The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Wal-Mart Associates, Inc., and to make an example of and deter Defendant Wal-Mart Associates, Inc. from engaging in such conduct in the future.

58. Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

**<u>FIFTH CLAIM FOR RELIEF</u>**

**Retaliation in Violation of 42 U.S.C. § 12203 *et seq*.**

**(Plaintiff Cecilia Gonzales against Defendant Wal-Mart Associates, Inc.)**

59. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

60. Plaintiff is within the class of persons that 42 U.S.C. § 12203 intends to protect and retaliation for engaging in protected activity is the type of injury prohibited by 42 U.S.C. § 12203.

61. Plaintiff was an "employee" of Defendant Wal-Mart Associates, Inc., as defined by 42 U.S.C. § 12111(4).

62. Employers, such as Defendant Wal-Mart Associates, Inc., are barred from retaliating against any person for opposing or reporting any unlawful discrimination or harassment against employees on a protected basis as set forth in 42 U.S.C. § 12101 et seq. as well as against any person for requesting an accommodation as provided under the same the statute.

63. Plaintiff opposed and reported discriminatory or harassing conduct prohibited by 42

U.S.C. § 12101 *et seq*. and/or requested an accommodation as provided under the same statute.

64. As a result of Plaintiff's complaints regarding, opposition to, and/or requests for accommodation related to these unlawful practices, Defendant Wal-Mart Associates, Inc. engaged in a course of retaliatory conduct, which included subjecting Plaintiff to a hostile work environment.

65. The conduct of Defendant Wal-Mart Associates, Inc. constitutes retaliation in violation of the Americans with Disabilities Act of 1990, as amended, which makes it unlawful for an employer to retaliate against an employee who complains about, opposes discrimination or harassment, or requests an accommodation.

66. The conduct of Defendant Wal-Mart Associates, Inc. alleged herein has caused damage and harm to Plaintiff, including past and future lost earnings, salary, and other employment benefits, in an amount according to proof at trial.

67. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

**SIXTH CLAIM FOR RELIEF**

**Failure to Provide Reasonable Accommodation in Violation of N.R.S. § 613.330**

**(Plaintiff Cecilia Gonzales against Defendant Wal-Mart Associates, Inc.)**

68. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

69. Plaintiff was employed by Defendant Wal-Mart Associates, Inc., as defined by N.R.S. § 613.310.

70. Employers are prohibited from discriminating against any employee with respect to the person's compensation, terms, conditions, or privileges of employment on the basis of disability as set forth in N.R.S. § 613 *et seq*. Failing to provide reasonable accommodation to qualified individuals with disabilities is one such type of actionable discrimination.

71. Plaintiff has a disability as defined by N.R.S. § 613.310. Plaintiff is within the class of persons that N.R.S. § 613.330 intends to protect.

72. Plaintiff requested reasonable accommodation for her disability.

73. Defendant Wal-Mart Associates, Inc. failed to provide reasonable accommodation for Plaintiff's disability.

74. The failure of Defendant Wal-Mart Associates, Inc. to provide reasonable accommodation constitutes a violation of N.R.S. § 613.330.

75. The acts of Defendant Wal-Mart Associates, Inc. alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

76. The acts of Defendant Wal-Mart Associates, Inc. alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Wal-Mart Associates, Inc., and to make an example of and deter Defendant Wal-Mart Associates, Inc. from engaging in such conduct in the future.

77. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

**SEVENTH CLAIM FOR RELIEF**

**Failure to Provide Reasonable Accommodation in Violation of 42 U.S.C. § 12112(b)(5)**

**(Plaintiff Cecilia Gonzales against Defendant Wal-Mart Associates, Inc.)**

78. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

79. Plaintiff is a member of the classes of persons protected by federal statutes requiring reasonable accommodation for disabilities.

80. Plaintiff was an employee, as defined by 42 U.S.C. § 12111(4).

81. Defendant Wal-Mart Associates, Inc. employed Plaintiff, as defined by 42 U.S.C. § 12111(5), and thus was required to provide reasonable accommodation to qualified individuals with

disabilities as set forth in 42 U.S.C. § 12112(b)(5).

82. Plaintiff has a disability as defined by 42 U.S.C. § 12102(1).

83. Plaintiff requested reasonable accommodation for her disability.

84. Defendant Wal-Mart Associates, Inc. failed to provide reasonable accommodation for Plaintiff's disability.

85. The failure of Defendant Wal-Mart Associates, Inc. to provide reasonable accommodation constitutes a violation of the ADA, which makes it unlawful for an employer to fail to provide reasonable accommodation to an employee with a disability.

86. The acts of Defendant Wal-Mart Associates, Inc. alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

87. The acts of Defendant Wal-Mart Associates, Inc. alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Wal-Mart Associates, Inc., and to make an example of and deter Defendant Wal-Mart Associates, Inc. from engaging in such conduct in the future.

88. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant Wal-Mart Associates, Inc. as follows:

1. For compensatory damages and other special and general damages according to proof, including, without limitation, lost earnings, salary, bonuses, and other job benefits Plaintiffs would have received but for Defendant Wal-Mart Associates, Inc.'s wrongful conduct;

2. Emotional distress damages;

3. Punitive and exemplary damages in an amount sufficient to punish Defendant Wal-Mart Associates, Inc., and to make an example of and deter Defendant Wal-Mart Associates, Inc. from engaging in such conduct in the future;

4. For an award of reasonable attorneys' fees and costs incurred in this action;

5. For pre-judgment and post-judgment interest, as provided by law; and

6. For other and further relief as the Court may deem just and proper.

DATED: October 23, 2026 GREENBERG GROSS LLP

By: */s/ Matthew T. Hale*
Matthew T. Hale
Michael A. Burnette

Attorneys for Plaintiff
Cecilia Gonzales

**DEMAND FOR JURY TRIAL**

Plaintiff Cecilia Gonzales hereby demands a jury trial.

DATED: October 23, 2026

GREENBERG GROSS LLP

By: */s/ Matthew T. Hale*
Matthew T. Hale
Michael A. Burnette

Attorneys for Plaintiff
Cecilia Gonzales